IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR. NO. 09-272 |
| ) | |
| v. ) | |
| ) | (Judge Kosik) |
| MARK A. CIAVARELLA, JR., ) | |
| Defendant. ) | |

**VERDICT FORM**

WE, THE JURY, MAKE THE FOLLOWING FINDINGS IN THE ABOVE-CAPTIONED MATTER:

### Count One - 18 U.S.C. § 1962(c)
### (Racketeering)

1. On the charge of conducting and participating in the conduct of the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c), we find the defendant Mark A. Ciavarella, Jr.:

  __X__ Guilty      _____ Not Guilty

(If the jury finds the defendant "Guilty" of Count One, then the jury must answer Questions 1a through 1m. If the jury finds the defendant "Not Guilty" of Count One, then the jury should skip questions 1a through 1m and should proceed to enter its findings as to the remaining counts of the Indictment.)

1a. Racketeering Act One - Honest Services Wire Fraud in violation of Title 18, United States Code, Section 1346.

> 1(a)(i). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed wire fraud in connection with a wire transfer

of $610,000 to an attorney escrow bank account on January 21, 2003?

__X__ Yes          _____ No

1(a)(ii). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed wire fraud in connection with a wire transfer of $387,600 to an attorney bank account on January 24, 2003?

__X__ Yes          _____ No

1(a)(iii). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed wire fraud in connection with a wire transfer of $610,000 to a bank account of Beverage Marketing of Pennsylvania, Inc. on January 28, 2003?

__X__ Yes          _____ No

1b. Racketeering Act Two - Honest Services Wire Fraud, in violation of 18 U.S.C. § 1346.

1(b). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed wire fraud in connection with a wire transfer of $1,000,000 to a bank account of Pinnacle Group of Jupiter, LLC on July 15, 2005?

_____ Yes          __X__ No



1c. Racketeering Act Three - Honest Services Wire Fraud, in violation of 18 U.S.C. § 1346.

1(c). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr.

2

committed wire fraud in connection with a wire transfer of $150,000.00 to a bank account of Pinnacle Group of Jupiter, LLC on February 3, 2006?

\_\_\_\_\_ Yes    \_\_X\_\_ No

1d.  Racketeering Act Four - $70,000 Paid On January 20, 2004.

1(d)(i). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed extortion under color of official right, in violation of 18 U.S.C. § 1951, in connection with the payment of two checks totaling $70,000 on January 20, 2004?

\_\_\_\_\_ Yes    \_\_X\_\_ No

1(d)(ii). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed bribery chargeable under state law, in violation of 18 Pa.C.S. § 4701(a)(3), in connection with the payment of two checks totaling $70,000 on January 20, 2004?

\_\_\_\_\_ Yes    \_\_X\_\_ No

1e.  Racketeering Act Five - $200,000 Paid Between February 15, 2004 and February 24, 2004.

1(e)(i). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed extortion under color of official right, in violation of 18 U.S.C. § 1951, in connection with the payment of three checks totaling $200,000 between February 15, 2004 and February 24, 2004?

\_\_\_\_\_ Yes    \_\_X\_\_ No

1(e)(ii). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed bribery chargeable under state law, in violation of 18 Pa.C.S. § 4701(a)(3), in connection with the payment of three checks totaling $200,000

between February 15, 2004 and February 24, 2004?

\_\_\_\_\_ Yes     __X__ No

1f. Racketeering Act Six - $100,000 Paid on April 30, 2004.

1(f)(i). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed extortion under color of official right, in violation of 18 U.S.C. § 1951, in connection with the payment of two checks totaling $100,000 on April 30, 2004?

\_\_\_\_\_ Yes     __X__ No

1(f)(ii). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed bribery chargeable under state law, in violation of 18 Pa.C.S. § 4701(a)(3), in connection with the payment of two checks totaling $100,000 on April 30, 2004?

\_\_\_\_\_ Yes     __X__ No

1g. Racketeering Act Seven - $120,000 Wire Transfer on July 12, 2004.

1(g)(i). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed extortion under color of official right, in violation of 18 U.S.C. § 1951, in connection with a wire transfer of $120,000 on July 12, 2004?

\_\_\_\_\_ Yes     __X__ No

1(g)(ii). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed bribery chargeable under state law, in violation of 18 Pa.C.S. § 4701(a)(3), in connection with a wire transfer of $120,000 on July 12, 2004?

\_\_\_\_\_ Yes     __X__ No

1h. Racketeering Act Eight - $100,000 Wire Transfer on September 23, 2004.

4

1(h)(i). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed extortion under color of official right, in violation of 18 U.S.C. § 1951, in connection with a wire transfer of $100,000 on September 23, 2004?

_____ Yes          __X__ No

1(h)(ii). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed bribery chargeable under state law, in violation of 18 Pa.C.S. § 4701(a)(3), in connection with a wire transfer of $100,000 on September 23, 2004?

_____ Yes          __X__ No

1i.  Racketeering Act Nine - $42,000 Paid on August 16, 2006.

1(i)(i). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed extortion under color of official right, in violation of 18 U.S.C. § 1951, in connection with a payment of $42,000 on August 16, 2006?

_____ Yes          __X__ No

1(i)(ii). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed bribery chargeable under state law, in violation of 18 Pa.C.S. § 4701(a)(3), in connection with a payment of $42,000 on August 16, 2006?

_____ Yes          __X__ No

1j.  Racketeering Act Ten - $20,000 Paid on November 1, 2006.

1(j)(i). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed extortion under color of official right, in violation of 18 U.S.C. § 1951, in connection with a payment of $20,000 on November 1, 2006?

5

_____ Yes      __X__ No

1(j)(ii). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed bribery chargeable under state law, in violation of 18 Pa.C.S. § 4701(a)(3), in connection with a payment of $20,000 on November 1, 2006?

_____ Yes      __X__ No

1k. Racketeering Act Eleven - $50,000 Paid on November 20, 2006.

1(k)(i). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed extortion under color of official right, in violation of 18 U.S.C. § 1951, in connection with a payment of $50,000 on November 20, 2006?

_____ Yes      __X__ No

1(k)(ii). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed bribery chargeable under state law, in violation of 18 Pa.C.S. § 4701(a)(3), in connection with a payment of $50,000 on November 20, 2006?

_____ Yes      __X__ No

1l. Racketeering Act Twelve - $31,500 Paid on December 18, 2006.

1(l)(i). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed extortion under color of official right, in violation of 18 U.S.C. § 1951, in connection with a payment of $31,500 on December 18, 2006?

_____ Yes      __X__ No

1(l)(ii). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed bribery chargeable under state law, in

6

      violation of 18 Pa.C.S. § 4701(a)(3), in connection with a payment of $31,500 on December 18, 2006?

      \_\_\_\_\_ Yes      __X__ No

  1m.   Racketeering Act Thirteen - Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h).

      1(m). Do you unanimously agree, by proof beyond a reasonable doubt, that Mark A. Ciavarella, Jr. committed money laundering conspiracy in violation of 18 U.S.C. § 1956(h)?

      __X__ Yes      \_\_\_\_\_ No

### Count Two - 18 U.S.C. § 1962(d)
### (Racketeering Conspiracy)

  2.   On the charge of conspiracy to conduct and participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d), we find the defendant Mark A. Ciavarella, Jr.:

      __X__ Guilty      \_\_\_\_\_ Not Guilty

### Counts Three through Six - 18 U.S.C. §§ 1343 and 1346
### (Honest Services Wire Fraud)

On the charges of Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 1346, we make the following findings as to the defendant Mark A. Ciavarella, Jr.:

  3.   **Count 3** - $120,000 Wire Transfer on July 12, 2004:

      \_\_\_\_\_ Guilty    __X__ Not Guilty

  4.   **Count 4** - $100,000 Wire Transfer on September 23, 2004:

7

_____ Guilty   __X__ Not Guilty

5. **Count 5** - $1,000,000 Wire Transfer on July 15, 2005:

    _____ Guilty   __X__ Not Guilty

6. **Count 6** - $150,000 Wire Transfer on February 3, 2006:

    _____ Guilty   __X__ Not Guilty

### Counts Seven through Ten - 18 U.S.C. §§ 1341 and 1346 (Honest Services Mail Fraud)

On the charges of Honest Services Mail Fraud, in violation of 18 U.S.C. §§ 1343 and 1346, we make the following findings as to the defendant Mark A. Ciavarella, Jr.:

7. **Count 7** - Mailing of Statement of Financial Interests in April, 2004:

    __X__ Guilty   _____ Not Guilty

8. **Count 8** - Mailing of Statement of Financial Interests in March, 2005:

    __X__ Guilty   _____ Not Guilty

9. **Count 9** - Mailing of Statement of Financial Interests in April, 2006:

    __X__ Guilty   _____ Not Guilty

10. **Count 10** - Mailing of Statement of Financial Interests in March, 2007:

    __X__ Guilty   _____ Not Guilty

### Counts Eleven through Twenty - 18 U.S.C. § 666(a)(1)(B) (Bribery Concerning Programs Receiving Federal Funds)

On the charges of Bribery Concerning Programs Receiving

8

Federal Funds, we make the following findings as to the defendant Mark A. Ciavarella, Jr.:

11. **Count 11** - Checks totaling $200,000 paid between February 15 and February 24, 2004:

    \_\_\_\_ Guilty   \_\_X\_\_ Not Guilty

12. **Count 12** - Checks totaling $100,000 paid on April 30, 2004:

    \_\_\_\_ Guilty   \_\_X\_\_ Not Guilty

13. **Count 13** - $120,000 Wire Transfer on July 12, 2004:

    \_\_\_\_ Guilty   \_\_X\_\_ Not Guilty

14. **Count 14** - $100,000 Wire Transfer on September 23, 2004:

    \_\_\_\_ Guilty   \_\_X\_\_ Not Guilty

15. **Count 15** - $1,000,000 Wire Transfer on July 15, 2005:

    \_\_\_\_ Guilty   \_\_X\_\_ Not Guilty

16. **Count 16** - $150,000 Wire Transfer on February 3, 2006:

    \_\_\_\_ Guilty   \_\_X\_\_ Not Guilty

17. **Count 17** - $42,000 payment on August 16, 2006:

    \_\_\_\_ Guilty   \_\_X\_\_ Not Guilty

18. **Count 18** - $20,000 payment on November 1, 2006:

    \_\_\_\_ Guilty   \_\_X\_\_ Not Guilty

19. **Count 19** - $50,000 payment on November 20, 2006:

    \_\_\_\_ Guilty   \_\_X\_\_ Not Guilty

20. **Count 20** - $31,500 payment on December 18, 2006:

    \_\_\_\_\_ Guilty     **X** Not Guilty

### Count Twenty-One - 18 U.S.C. § 1956(h)
### (Money Laundering Conspiracy)

21. On the charge of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), we find the defendant Mark A. Ciavarella, Jr.:

    **X** Guilty     \_\_\_\_\_ Not Guilty

### Counts Twenty-two through Twenty-six
### 18 U.S.C. § 1956(a)(1)(B)(1)
### (Money Laundering)

On the charges of Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(1), we make the following findings as to the defendant Mark A. Ciavarella, Jr.:

22. **Count 22** - Checks totaling $70,000 deposited on January 20, 2004:

    \_\_\_\_\_ Guilty     **X** Not Guilty

23. **Count 23** - Checks totaling $200,000 deposited on February 24, 2004:

    \_\_\_\_\_ Guilty     **X** Not Guilty

24. **Count 24** - Checks totaling $100,000 deposited on May 3, 2004:

    \_\_\_\_\_ Guilty     **X** Not Guilty

25. **Count 25** - $120,000 Wire Transfer on July 12, 2004:

    \_\_\_\_\_ Guilty     **X** Not Guilty

26. **Count 26** - $100,000 Wire Transfer on September 23,

2004:

    \_\_\_\_\_ Guilty    **X** Not Guilty

### Counts Twenty-seven through Thirty-four
### 18 U.S.C. § 1951
### (Extortion Under Color of Official Right)

On the charges of Extortion Under Color of Official Right, in violation of 18 U.S.C. § 1951, we make the following findings as to the defendant Mark A. Ciavarella, Jr.:

27. **Count 27** - Three checks totaling $200,000 paid between February 15 and February 24, 2004:

    \_\_\_\_\_ Guilty    **X** Not Guilty

28. **Count 28** - Two checks totaling $100,000 paid on April 30, 2004:

    \_\_\_\_\_ Guilty    **X** Not Guilty

29. **Count 29** - $120,000 Wire Transfer on July 12, 2004:

    \_\_\_\_\_ Guilty    **X** Not Guilty

30. **Count 30** - $100,000 Wire Transfer on September 23, 2004:

    \_\_\_\_\_ Guilty    **X** Not Guilty

31. **Count 31** - $42,000 payment on August 16, 2006:

    \_\_\_\_\_ Guilty    **X** Not Guilty

32. **Count 32** - $20,000 payment on November 1, 2006:

    \_\_\_\_\_ Guilty    **X** Not Guilty

33. **Count 33** - $50,000 payment on November 20, 2006:

    \_\_\_\_\_ Guilty    **X** Not Guilty

11

34. **Count 34** - $31,500 payment on December 18, 2006:

   \_\_\_\_\_ Guilty   __X__ Not Guilty

### Count Thirty-five
### 18 U.S.C. § 371
### (Conspiracy to Defraud the United States)

35. On the charge of Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371, we find the defendant Mark A. Ciavarella, Jr.:

   __X__ Guilty   \_\_\_\_\_ Not Guilty

### Counts Thirty-six through Thirty-nine
### 26 U.S.C. § 7206(1)
### (Subscribing and Filing a Materially False Tax Return)

On the charges of Subscribing and Filing a Materially False Tax Return, in violation of 26 U.S.C. § 7206(1), we make the following findings as to the defendant Mark A. Ciavarella, Jr.:

36. **Count 36** - IRS Form 1040 filed on or about April 15, 2004:

   __X__ Guilty   \_\_\_\_\_ Not Guilty

37. **Count 37** - IRS Form 1040 filed on or about April 15, 2005:

   __X__ Guilty   \_\_\_\_\_ Not Guilty

38. **Count 38** - IRS Form 1040 filed on or about April 15, 2006:

   __X__ Guilty   \_\_\_\_\_ Not Guilty

12

39. **Count 39** - IRS Form 1040 filed on or about April 15, 2007:

 __X__ Guilty   _____ Not Guilty

Dated: __02/18/2011__           __████████████__
                                JURY FOREPERSON