Redacted Indictment gives to suf

CR-09-272

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK A. CIAVARELLA, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**
HARRISBURG, PA

SEP 2 9 2010

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

S U P E R S E D I N G   I N D I C T M E N T

Count 1

18 U.S.C. § 1962(c)
(Racketeering)

THE GRAND JURY CHARGES:

A. THE PARTIES

1.  At all times material to this Superseding Indictment, the defendant MARK A. CIAVARELLA, JR. and co-conspirator Michael T. Conahan (hereinafter referred to as "Michael T. Conahan") were judges of the Court of Common Pleas for Luzerne County, Pennsylvania.  Between approximately January of 2002 and January of 2007, Michael T. Conahan served as President Judge for Luzerne County.  Between approximately 1996 and November of 2008, MARK A. CIAVARELLA, JR. served as Judge of the Juvenile Court for Luzerne County.  In approximately January of 2007, MARK A. CIAVARELLA, JR. was named President Judge for Luzerne County.

2.  As judges of the Court of Common Pleas, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan owed a fiduciary duty to the citizens of the Commonwealth of Pennsylvania and to the Judiciary of the Commonwealth of Pennsylvania to refrain from

engaging in any activity prohibited by law and to refrain from being paid or accepting payment of any fee, emolument or perquisite other than the salary and expenses provided by law. As judges of the Court of Common Pleas, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan also owed a fiduciary duty to the citizens of the Commonwealth of Pennsylvania and to the Judiciary of the Commonwealth of Pennsylvania to recuse themselves from matters in which they had a personal, financial or other material vested interest and were required to file an annual statement of financial interests with the Administrative Office of the Pennsylvania Courts, reporting the source of any income, direct or indirect.

## B. THE ENTERPRISE

3.   At all times material to this Superseding Indictment, the Court of Common Pleas for Luzerne County, part of the Judicial Branch of the government of the Commonwealth of Pennsylvania, as established by Article 5 of the Pennsylvania Constitution and by the Pennsylvania Judicial Code, constituted an "enterprise" as defined in Title 18, United States Code, Section 1961(4) (hereinafter referred to as "the Enterprise"). The Enterprise was engaged in, and its activities affected, interstate commerce.

C.   THE PURPOSE OF THE RACKETEERING ACTIVITY

4.   The defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan abused their positions within the Enterprise to enrich themselves by improperly taking bribes, kickbacks, extortionate payments and other things of value from individuals and organizations doing business with the enterprise.

D.   MANNER, MEANS AND METHODS

5.   Between approximately June of 2000 and January 1, 2007, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan abused their positions within the enterprise and violated the fiduciary duty they owed to the citizens of the Commonwealth of Pennsylvania and to the Judiciary of the Commonwealth of Pennsylvania by secretly deriving more than $2,800,000 in income, in addition to the compensation to which they were lawfully entitled, in exchange for their official actions and anticipated official actions.   The actions from which they derived improper income included, but were not limited to: entering into agreements guaranteeing placement of juvenile offenders with PA Child Care, LLC (hereinafter referred to as "PA Child Care") and Western PA Child Care, LLC (hereinafter referred to as "Western PA Child Care); taking official action to remove funding from the Luzerne County Court budget for the Luzerne County juvenile detention facility, effectively closing the county-run youth detention center; facilitating the construction of juvenile

3

detention facilities and an expansion to one of those facilities by PA Child Care and Western PA Child Care; directing that juvenile offenders be lodged at juvenile detention facilities operated by PA Child Care and Western PA Child Care; summarily granting motions to seal the record and for injunctive relief in a civil case related to PA Child Care; and, through their actions, assisting Pa Child Care and Western PA Child Care to secure agreements with Luzerne County worth tens of millions of dollars for the placement of juvenile offenders, including an agreement in late 2004 worth approximately $58,000,000.

6. The defendant MARK A. CIAVARELLA, Jr. and Michael T. Conahan employed a number of schemes in an attempt to hide the income they had received through bribes, kickbacks and extortion including, but not limited to, causing income in the form of cash, checks and wire transfers to pass through intermediaries and causing false records to be created.

7. In approximately June of 2000, the defendant MARK A. CIAVARELLA, JR., whose duties then included presiding over juvenile proceedings as a judge of the Court of Common Pleas for Luzerne County, had discussions with an attorney who had a law practice in Luzerne County, hereinafter referred to as "PARTICIPANT #1," who was interested in constructing a juvenile detention facility in Luzerne County. Defendant MARK A. CIAVARELLA, JR. introduced PARTICIPANT #1 to a contractor

4

(hereinafter referred to as "PARTICIPANT #2") who was a friend of defendant MARK A. CIAVARELLA, JR., for the purpose of locating land for the juvenile facility and for constructing the facility.

8.  PARTICIPANT #1 and another person, doing business as PA Child Care, acquired land in Luzerne County and entered into an agreement with PARTICIPANT #2 to construct a juvenile detention center to be operated by PA Child Care.

9.  On or about January 29, 2002, Michael T. Conahan, acting in his capacity as President Judge of Luzerne County, signed a "Placement Guarantee Agreement" between PA Child Care and the Court of Common Pleas for Luzerne County to house juvenile offenders at the PA Child Care facility.  The "Placement Guarantee Agreement" provided that the Court of Common Pleas for Luzerne County would pay PA Child Care the annual "Rental Installment" sum of $1,314,000 and stipulated that "[t]he obligation of the Court to make payment of the Rental Installments shall be absolute and unconditional."  PARTICIPANT #1 used the guarantee to obtain construction financing for the PA Child Care facility.

10.  In or about December, 2002, Michael T. Conahan, acting in his capacity as President Judge of Luzerne County, took official action to remove funding from the Luzerne County Court budget for the Luzerne County juvenile detention facility.  The practical effect of this action was to close the Luzerne County

5

youth detention center.

11.  In or before January of 2003, defendant MARK A.
CIAVARELLA, JR. and Michael T. Conahan arranged to receive a
kickback payment in the amount of $997,600 in connection with the
roles they played as judges in accomplishing the construction of
the PA Child Care juvenile detention facility.

12.  In order to conceal the $997,600 payment to defendant
MARK A. CIAVARELLA, JR. and Michael T. Conahan, PARTICIPANT #1
and PARTICIPANT #2 signed a written "Registration and Commission
Agreement" prepared by PARTICIPANT #2 and backdated to February
19, 2002, which purported to be an agreement for PARTICIPANT #2
to pay a broker's fee of $997,600 to PARTICIPANT #1.  In fact,
however, a large portion of the money was paid to defendant MARK
A. CIAVARELLA, JR. and Michael T. Conahan.

13.  MARK A. CIAVARELLA, JR. and Michael T. Conahan engaged
in a series of financial transactions, over time, designed to
conceal the $997,600 payment made to them.  On January 21, 2003,
$610,000 was wire transferred by PARTICIPANT #2 to an attorney
trust account of an attorney other than PARTICIPANT #1.  The
remaining $387,600 was wire transferred by PARTICIPANT #2 to a
bank account under the control of PARTICIPANT #1.

14.  Thereafter, on January 28, 2003, the $610,000 in the
attorney trust account was wire transferred to a bank account of
Beverage Marketing of PA, Inc., a business entity controlled by

6

Michael T. Conahan.

15.   In a series of financial transactions thereafter, a portion of the $610,000 payment was passed from Michael T. Conahan to defendant MARK A. CIAVARELLA, JR.   For example, on or about January 28, 2003, Michael T. Conahan directed that $330,000 of the $610,000 be wire transferred to a bank account controlled by the defendant MARK A. CIAVARELLA, JR.; on or about April 30, 2003, Michael T. Conahan directed that an additional $75,000 of the $610,000 be wire transferred to a bank account controlled by the defendant MARK A. CIAVARELLA, JR.; on or about July 15, 2003, Michael T. Conahan directed that an additional $75,000 of the $610,000 wire transferred to a bank account under the control of the defendant MARK A. CIAVARELLA, JR.; on or about August 13, 2003, Michael T. Conahan directed that an additional $25,000 of the $610,000 be wire transferred to a bank account under the control of a third party; and, on or about August 20, 2003, Michael T. Conahan directed that an additional $105,000 of the $610,000 be transferred to a bank account under the control of Michael T. Conahan.

16.   To conceal the payments to defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, Michael T. Conahan directed that false entries be made in the books and records of Beverage Marketing of PA, Inc.

17.   To further conceal the $997,600 payment made to MARK A.

CIAVARELLA, JR. and Michael T. Conahan, a portion of the $387,600 wire transfer made by PARTICIPANT #2 to PARTICIPANT #1 on January 28, 2003, was paid to MARK A. CIAVARELLA, JR. and Michael T. Conahan in a series of financial transactions which occurred over time.  One of those transactions occurred on or about August 29, 2003, when a check in the amount of $326,000, drawn on a bank account under the control of PARTICIPANT #1, was deposited into a bank account maintained in the name of the wife of Michael T. Conahan and under the control of Michael T. Conahan.

18.   Due to the success of the juvenile detention facility operated in Luzerne County, PARTICIPANT #1 and his partner, doing business as Western PA Child Care, constructed a juvenile detention facility in western Pennsylvania.  PARTICIPANT #2, the same contractor who built the facility in Luzerne County, was employed to construct the Western PA Child Care facility.  In July of 2005, upon completion of construction, a $1,000,000 payment was made by PARTICIPANT #1 to defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan.

19.   In order to conceal the payment to defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, PARTICIPANT #1 and PARTICIPANT #2 signed a written "Registration and Commission Agreement" prepared by PARTICIPANT #2 which purported to be an agreement for PARTICIPANT #2 to pay a broker's fee of $1,000,000 to PARTICIPANT #1.  In fact, however, the money was wire

transferred by PARTICIPANT #2 to a bank account of the Pinnacle Group of Jupiter, LLC, a business entity owned by the wives of MARK A. CIAVARELLA, JR. and Michael T. Conahan.

20.   PARTICIPANT #1 and his partner, doing business as PA Child Care, constructed an addition to the juvenile detention facility in Luzerne County.   PARTICIPANT #2, the same contractor who built the facility, was employed to complete the expansion project and, in February of 2006, upon completion of construction of the addition, a $150,000 payment was made to defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan.

21.   In order to conceal the payment to defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, PARTICIPANT #1 and PARTICIPANT #2 signed a written "Registration and Commission Agreement" prepared by PARTICIPANT #2 which purported to be an agreement for PARTICIPANT #2 to pay a broker's fee of $150,000 to PARTICIPANT #1.   In fact, however, the money was wire transferred by PARTICIPANT #2 to a bank account of the Pinnacle Group of Jupiter, LLC, a business entity owned by the wives of MARK A. CIAVARELLA, JR. and Michael T. Conahan but controlled by MARK A. CIAVARELLA, JR. and Michael T. Conahan.

22.   In approximately February of 2003, when construction of the PA Child Care juvenile detention facility was completed, defendant MARK A. CIAVARELLA, JR., in his capacity as a juvenile court judge, began directing that youthful offenders be sent to

9

that facility.  Between approximately February of 2003 and
January 1, 2007, the defendant MARK A. CIAVARELLA, JR. And
Michael T. Conahan demanded and received from PARTICIPANT #1
hundreds of thousands of dollars in payments for their past and
anticipated future official actions relating to PA Child Care and
Western PA Child Care and took steps to conceal and disguise the
nature, location, source, ownership and control of the money paid
by PARTICIPANT #1.

23.  Some of the payments were made by checks drawn on one
or more bank accounts under the control of PARTICIPANT #1 and
were made payable to the Pinnacle Group of Jupiter, LLC.  The
payments included, but were not necessarily limited to, the
following: $18,000 paid on or about January 13, 2004; $52,000
paid on or about January 13, 2004; $78,000 paid on or about
February 15, 2004; $75,000 paid on or about February 15, 2004;
$47,000 paid on or about February 15, 2004; $75,000 paid on or
about April 30, 2004; and $25,000 paid on or about April 30,
2004.

24.  To conceal the payments to defendant MARK A.
CIAVARELLA, JR. and Michael T. Conahan, PARTICIPANT #1 made false
notations on the checks and Michael T. Conahan directed that
false entries be made in the books and records of Pinnacle Group
of Jupiter, LLC and Beverage Marketing of PA, Inc.

25.  In addition to payments by check, some of the payments

10

were made by wire transfers made from one or more bank accounts under the control of PARTICIPANT #1 and were transferred to an account under the control of the Pinnacle Group of Jupiter, LLC. The payments included, but were not necessarily limited to, the following: $120,000 transferred on July 12, 2004; and $100,000 transferred on September 23, 2004.

26.   Additional payments to the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan from PARTICIPANT #1 were cash payments.  Those cash payments included, but were not necessarily limited to, the following: $42,000 paid on or about August 16, 2006; $20,000 paid on or about November 1, 2006; $50,000 paid on or about November 20, 2006; $31,500 paid on or about December 18, 2006.

27.   In order to conceal the more than $2,800,000 in unlawful payments they received, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan knowingly and intentionally filed materially false annual statements of financial interests with the Administrative Office of the Pennsylvania Courts in which they failed to disclose the source of these payments and in which they failed to disclose to the public and to parties appearing before them their financial relationship with PARTICIPANT #1, PARTICIPANT #2, PA Child Care and Western PA Child Care, all of which were material matters.

11

E. THE PATTERN OF RACKETEERING ACTIVITY

28.   The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), through which the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan conducted and participated in the conduct of the affairs of the enterprise, included the following racketeering acts:

  a.   Racketeering Act One (Wire Fraud) - Wire Transfers Totaling $997,600 Made In Connection With Construction of PA Child Care Juvenile Detention Facility

29.   Between on or about June of 2000 and on or about January 1, 2004, the exact dates being unknown, in the Middle District of Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan devised and intended to devise a material scheme and artifice to defraud and deprive the Judiciary of the Commonwealth of Pennsylvania and the citizens of the Commonwealth of Pennsylvania of their rights to the honest and faithful services of MARK A. CIAVARELLA, JR. and Michael T. Conahan,  through bribery, kickbacks, and the concealment of material information.

30.   The defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, together with other persons known and unknown, committed the following acts, any one of which alone constitutes Racketeering Act One.

  i.   RACKETEERING ACT 1.1

31.   On or about January 21, 2003, for the purpose of

12

executing the scheme and artifice to defraud and deprive the citizens of Luzerne County and the Commonwealth of Pennsylvania of their right to the honest services of the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan knowingly transmitted and caused to be transmitted by means of wire communication in interstate or foreign commerce a wire transfer of $610,000 to an attorney escrow bank account, in violation of Title 18, United States Code, §§ 2, 1343 and 1346.

      ii.  RACKETEERING ACT 1.2

32.    On or about January 24, 2003, for the purpose of executing the scheme and artifice to defraud and deprive the citizens of Luzerne County and the Commonwealth of Pennsylvania of their right to the honest services of the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan knowingly transmitted and caused to be transmitted by means of wire communication in interstate or foreign commerce a wire transfer of $387,600 to an attorney bank account, in violation of Title 18, United States Code, §§ 2, 1343 and 1346.

      iii. RACKETEERING ACT 1.3

33.    On or about January 28, 2003, for the purpose of executing the scheme and artifice to defraud and deprive the citizens of Luzerne County and the Commonwealth of Pennsylvania

of their right to the honest services of the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan knowingly transmitted and caused to be transmitted by means of wire communication in interstate or foreign commerce a wire transfer of $610,000 to a bank account of Beverage Marketing of Pennsylvania, Inc., in violation of Title 18, United States Code, §§ 2, 1343 and 1346.

> b. <u>Racketeering Act Two (Wire Fraud) – $1,000,000 Payment Made to Conahan and Ciavarella In Connection With Construction of Western PA Child Care Juvenile Detention Facility</u>

34. Between on or about January 1, 2004 and on or about July 15, 2005, the exact dates being unknown, in the Middle District of Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan devised and intended to devise a material scheme and artifice to defraud and deprive the Judiciary of the Commonwealth of Pennsylvania and the citizens of the Commonwealth of Pennsylvania of their rights to the honest services of MARK A. CIAVARELLA, JR. and Michael T. Conahan, through bribery, kickbacks, and the concealment of material information.

35. On or about July 15, 2005, for the purpose of executing the scheme and artifice to defraud and deprive the citizens of Luzerne County and the Commonwealth of Pennsylvania of their right to the honest services of the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, the defendant MARK A. CIAVARELLA, JR.

and Michael T. Conahan knowingly transmitted and caused to be transmitted by means of wire communication in interstate or foreign commerce a wire transfer of $1,000,000 to a bank account of the Pinnacle Group of Jupiter, LLC, in violation of Title 18, United States Code, §§ 2, 1343 and 1346.

    c.   Racketeering Act Three (Wire Fraud) – Payment of $150,000 Made to Conahan and Ciavarella In Connection With Expansion of PA Child Care Juvenile Detention Facility

36.  From on or about January 1, 2005 to on or about February 3, 2006, the exact dates being unknown, in the Middle District of Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan devised and intended to devise a material scheme and artifice to defraud and deprive the Judiciary of the Commonwealth of Pennsylvania and the citizens of the Commonwealth of Pennsylvania of their rights to the honest services of MARK A. CIAVARELLA, JR. and Michael T. Conahan through bribery, kickbacks and the concealment of material information.

37.  On or about February 3, 2006, for the purpose of executing the scheme and artifice to defraud and deprive the citizens of Luzerne County and the Commonwealth of Pennsylvania of their right to the honest services of the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan knowingly transmitted and caused to be transmitted by means of wire communication in

interstate or foreign commerce a wire transfer of $150,000 to a bank account of the Pinnacle Group of Jupiter, LLC, in violation of Title 18, United States Code, §§ 2, 1343 and 1346.

    d.    <u>Racketeering Act Four - ($70,000 Paid to Conahan and Ciavarella On January 20, 2004)</u>

38. In furtherance of the offense, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, committed the following acts, any one of which alone constitutes Racketeering Act Four.

    i.    RACKETEERING ACT 4.1 (Extortion Under Color of Official Right - Checks Totaling $70,000)

39. On or about January 20, 2004, in the Middle District of Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan did knowingly, intentionally and wilfully affect, and attempt to affect, interstate commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, § 1951; that is, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan obtained property from another, namely, two checks totaling $70,000, which were payable from a bank account controlled by PARTICIPANT #1, not due the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan or their office, with that other's consent, under color of official right, in violation of Title 18, United States Code, § 1951.

    ii.    RACKETEERING ACT 4.2 (Bribery Chargeable Under State Law - Checks Totaling $70,000)

40. On or about January 20, 2004, in the Middle District of

Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan did knowingly commit bribery, that is, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan solicited, accepted and agreed to accept from another, namely PARTICIPANT #1, monetary benefits consisting of two checks totaling $70,000, which were payable from a bank account controlled by PARTICIPANT #1, as consideration for violations of known legal duties of the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan as public servants, in violation of Title 18, Pa.C.S. § 4701(a)(3).

    e.    <u>Racketeering Act Five - ($200,000 Paid to Conahan and Ciavarella Between February 15, 2004 and February 24, 2004)</u>

41.  In furtherance of the offense, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, committed the following acts, any one of which alone constitutes Racketeering Act Five.

    i.    RACKETEERING ACT 5.1 (Extortion Under Color of Official Right - Checks Totaling $200,000)

42.  Between on or about February 15, 2004 and on or about February 24, 2004, in the Middle District of Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan did knowingly, intentionally and wilfully affect, and attempt to affect, interstate commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, § 1951; that is, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan obtained

property from another, namely, three checks totaling $200,000,
which were payable from a bank account of Vision Holdings, Inc.
controlled by PARTICIPANT #1, not due the defendant MARK A.
CIAVARELLA, JR. and Michael T. Conahan or their office, with that
other's consent, under color of official right, in violation of
Title 18, United States Code, § 1951.

    ii.    RACKETEERING ACT 5.2 (Bribery Chargeable Under State
           Law - Checks Totaling $200,000)

43.    Between on or about February 15, 2004 and on or about
February 24, 2004, in the Middle District of Pennsylvania, and
elsewhere, the defendant MARK A. CIAVARELLA, JR. and Michael T.
Conahan did knowingly commit bribery, that is, the defendant MARK
A. CIAVARELLA, JR. and Michael T. Conahan solicited, accepted and
agreed to accept from another, namely PARTICIPANT #1, monetary
benefits consisting of three checks totaling $200,000, which were
payable from a bank account of Vision Holdings, Inc. controlled
by PARTICIPANT #1, as consideration for violations of known legal
duties of the defendant MARK A. CIAVARELLA, JR. and Michael T.
Conahan as public servants, in violation of Title 18, Pa.C.S. §
4701(a)(3).

    f.    Racketeering Act Six - ($100,000 Paid to Conahan and
         Ciavarella on or About April 30, 2004)

44.    In furtherance of the offense, the defendant MARK A.
CIAVARELLA, JR. and Michael T. Conahan, committed the following
acts, any one of which alone constitutes Racketeering Act Six.

18

i.   RACKETEERING ACT 6.1 (Extortion Under Color of Official
     Right - Checks Totaling $100,000)

45.   On or about April 30, 2004, in the Middle District of

Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA,

JR. and Michael T. Conahan did knowingly, intentionally and

wilfully affect, and attempt to affect, interstate commerce and

the movement of articles and commodities in commerce by

extortion, as those terms are defined in Title 18, United States

Code, § 1951; that is, the defendant MARK A. CIAVARELLA, JR. and

Michael T. Conahan obtained property from another, namely, two

checks totaling $100,000, which were payable from a bank account

of Vision Holdings, Inc. controlled by PARTICIPANT #1, not due

the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan or

their office, with that other's consent, under color of official

right, in violation of Title 18, United States Code, § 1951.

ii.   RACKETEERING ACT 6.2 (Bribery Chargeable Under State
      Law - Checks Totaling $100,000)

46.   On or about April 30, 2004, in the Middle District of

Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA,

JR. and Michael T. Conahan did knowingly commit bribery, that is,

the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan

solicited, accepted and agreed to accept from another, namely

PARTICIPANT #1, monetary benefits consisting of two checks

totaling $100,000, which were payable from a bank account of

Vision Holdings, Inc. controlled by PARTICIPANT #1, as

consideration for violations of known legal duties of the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan as public servants, in violation of Title 18, Pa.C.S. § 4701(a)(3).

g.    Racketeering Act Seven - ($120,000 Paid to Conahan and Ciavarella on July 12, 2004)

47.    In furtherance of the offense, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, committed the following acts, any one of which alone constitutes Racketeering Act Seven.

i.    RACKETEERING ACT 7.1 (Extortion Under Color of Official Right - Wire Transfer of $120,000)

48.    On or about July 12, 2004, in the Middle District of Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan did knowingly, intentionally and wilfully affect, and attempt to affect, interstate commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, § 1951; that is, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan obtained property from another, namely, a wire transfer of $120,000, which was transferred from a bank account of Vision Holdings, Inc. controlled by PARTICIPANT #1, not due the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan or their office, with that other's consent, under color of official right, in violation of Title 18, United States Code, § 1951.

ii.    RACKETEERING ACT 7.2 (Bribery Chargeable Under State Law - Wire Transfer of $120,000)

49.    On or about July 12, 2004, in the Middle District of

20

Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan did knowingly commit bribery, that is, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan solicited, accepted and agreed to accept from another, namely PARTICIPANT #1, monetary benefits consisting of a wire transfer of $120,000, which was transferred from a bank account of Vision Holdings, Inc. controlled by PARTICIPANT #1, as consideration for violations of known legal duties of the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan as public servants, in violation of Title 18, Pa.C.S. § 4701(a)(3).

    h.   <u>Racketeering Act Eight – ($100,000 Paid to Conahan and Ciavarella on September 23, 2004)</u>

    50.  In furtherance of the offense, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, committed the following acts, any one of which alone constitutes Racketeering Act Eight.

    i.   RACKETEERING ACT 8.1 (Extortion Under Color of Official Right – Wire Transfer of $100,000)

    51.   On or about September 23, 2004, in the Middle District of Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan did knowingly, intentionally and wilfully affect, and attempt to affect, interstate commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, § 1951; that is, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan obtained property from

another, namely, a wire transfer of $100,000, which was transferred from a bank account of Vision Holdings, Inc. controlled by PARTICIPANT #1, not due the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan or their office, with that other's consent, under color of official right, in violation of Title 18, United States Code, § 1951.

ii.   RACKETEERING ACT 8.2 (Bribery Chargeable Under State Law - Wire Transfer of $100,000)

52.   On or about September 23, 2004, in the Middle District of Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA, JR. and did knowingly commit bribery, that is, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan solicited, accepted and agreed to accept from another, namely PARTICIPANT #1, monetary benefits consisting of a wire transfer of $100,000, which was transferred from a bank account of Vision Holdings, Inc. controlled by PARTICIPANT #1, as consideration for violations of known legal duties of the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan as public servants, in violation of Title 18, Pa.C.S. § 4701(a)(3).

i.   Racketeering Act Nine - ($42,000 Paid to Conahan and Ciavarella on August 16, 2006)

53.   In furtherance of the offense, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, committed the following acts, any one of which alone constitutes Racketeering Act Nine.

22

i.   RACKETEERING ACT 9.1 (Extortion Under Color of Official
     Right - Cash Payment of $42,000)

54.   On or about August 16, 2006, in the Middle District of
Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA,
JR. and Michael T. Conahan did knowingly, intentionally and
wilfully affect, and attempt to affect, interstate commerce and
the movement of articles and commodities in commerce by
extortion, as those terms are defined in Title 18, United States
Code, § 1951; that is, the defendant MARK A. CIAVARELLA, JR. and
Michael T. Conahan obtained property from another, namely, cash
in the amount of $42,000, which was transferred from PARTICIPANT
#1, not due the defendant MARK A. CIAVARELLA, JR. and Michael T.
Conahan or their office, with that other's consent, under color
of official right, in violation of Title 18, United States Code,
§ 1951.

ii.   RACKETEERING ACT 9.2 (Bribery Chargeable Under State
      Law - Cash Payment of $42,000)

55.   On or about August 16, 2006, in the Middle District of
Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA,
JR. and Michael T. Conahan did knowingly commit bribery, that is,
the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan
solicited, accepted and agreed to accept from another, namely
PARTICIPANT #1, monetary benefits consisting of cash in the
amount of $42,000, which was transferred by PARTICIPANT #1, as
consideration for violations of known legal duties of the

defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan as public servants, in violation of Title 18, Pa.C.S. § 4701(a)(3).

    j.   <u>Racketeering Act Ten - ($20,000 Paid To Ciavarella and unindicted co-conspirator Conahan on November 1, 2006)</u>

56.  In furtherance of the offense, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, committed the following acts, any one of which alone constitutes Racketeering Act Ten.

    i.   RACKETEERING ACT 10.1 (Extortion Under Color of Official Right - Cash Payment of $20,000)

57.  On or about November 1, 2006, in the Middle District of Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan did knowingly, intentionally and wilfully affect, and attempt to affect, interstate commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, § 1951; that is, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan obtained property from another, namely, cash in the amount of $20,000, which was transferred from PARTICIPANT #1, not due the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan or their office, with that other's consent, under color of official right, in violation of Title 18, United States Code, § 1951.

    ii.  RACKETEERING ACT 10.2 (Bribery Chargeable Under State Law - Cash Payment of $20,000)

58.  On or about November 1, 2006, in the Middle District of Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA,

24

JR. and Michael T. Conahan did knowingly commit bribery, that is, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan solicited, accepted and agreed to accept from another, namely PARTICIPANT #1, monetary benefits consisting of cash in the amount of $20,000, which was transferred by PARTICIPANT #1, as consideration for violations of known legal duties of the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan as public servants, in violation of Title 18, Pa.C.S. § 4701(a)(3).

     k.    <u>Racketeering Act Eleven - ($50,000 Paid to Conahan and Ciavarella on November 20, 2006)</u>

    59.  In furtherance of the offense, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, committed the following acts, any one of which alone constitutes Racketeering Act Eleven.

     i.    RACKETEERING ACT 11.1 (Extortion Under Color of Official Right - Cash Payment of $50,000)

    60.  On or about November 20, 2006, in the Middle District of Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan did knowingly, intentionally and wilfully affect, and attempt to affect, interstate commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, § 1951; that is, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan obtained property from another, namely, cash in the amount of $50,000, which was transferred from PARTICIPANT #1, not due the defendant MARK A. CIAVARELLA, JR. and Michael T.

Conahan or their office, with that other's consent, under color of official right, in violation of Title 18, United States Code, § 1951.

    ii.   RACKETEERING ACT 11.2 (Bribery Chargeable Under State Law - Cash Payment of $50,000)

61.   On or about November 20, 2006, in the Middle District of Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan did knowingly commit bribery, that is, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan solicited, accepted and agreed to accept from another, namely PARTICIPANT #1, monetary benefits consisting of cash in the amount of $50,0000, which was transferred by PARTICIPANT #1, as consideration for violations of known legal duties of the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan as public servants, in violation of Title 18, Pa.C.S. § 4701(a)(3).

    l.   <u>Racketeering Act Twelve - ($31,500 Paid to Conahan and Ciavarella on December 18, 2006)</u>

62.   In furtherance of the offense, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, committed the following acts, any one of which alone constitutes Racketeering Act Twelve.

    i.   RACKETEERING ACT 12.1 (Extortion Under Color of Official Right - Cash Payment of $31,500)

63.   On or about December 18, 2006, in the Middle District of Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan did knowingly, intentionally and wilfully affect, and attempt to affect, interstate commerce and

the movement of articles and commodities in commerce by

extortion, as those terms are defined in Title 18, United States

Code, § 1951; that is, the defendant MARK A. CIAVARELLA, JR. and

Michael T. Conahan obtained property from another, namely, cash

in the amount of $31,500, which was transferred from PARTICIPANT

#1, not due the defendant MARK A. CIAVARELLA, JR. and Michael T.

Conahan or their office, with that other's consent, under color

of official right, in violation of Title 18, United States Code,

§ 1951.

      ii.   RACKETEERING ACT 12.2 (Bribery Chargeable Under State
           Law — Cash Payment of $31,500)

    64.   On or about December 18, 2006, in the Middle District

of Pennsylvania, and elsewhere, the defendant MARK A. CIAVARELLA,

JR. and Michael T. Conahan did knowingly commit bribery, that is,

the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan

solicited, accepted and agreed to accept from another, namely

PARTICIPANT #1, monetary benefits consisting of cash in the

amount of $31,500, which was transferred by PARTICIPANT #1, as

consideration for violations of known legal duties of the

defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan as

public servants, in violation of Title 18, Pa.C.S. § 4701(a)(3).

     m.   <u>Racketeering Act Thirteen (Money Laundering Conspiracy)</u>

    65.   From in or about December, 2001 to on or about

September 9, 2009, in the Middle District of Pennsylvania, and

elsewhere, the defendant MARK A. CIAVARELLA, JR. and Michael T.

Conahan did knowingly, intentionally and wilfully combine,
conspire, confederate and agree together with one another, and
together with other persons both known and unknown to the grand
jury, to commit the following offense against the United States,
namely, to knowingly conduct and attempt to conduct a financial
transaction affecting interstate commerce which involved the
proceeds of a specified unlawful activity, knowing that the
transaction was designed in whole and in part to conceal and
disguise the nature, location, source, ownership and control of
the proceeds of said specified unlawful activity and that while
conducting and attempting to conduct such financial transaction
knew that the property involved in the financial transaction
represented the proceeds of some form of unlawful activity, in
violation of Title 18, United States Code, § 1956(h).

All in violation of Title 18, United States Code, §§ 2 and
1962(c).

②

Count 2

18 U.S.C. § 1962(d)
(Racketeering Conspiracy)

THE GRAND JURY FURTHER CHARGES:

66.    The allegations contained in Count 1 of this
Superseding Indictment are hereby re-alleged and incorporated by
reference as if fully set forth herein.

67.    From on or about December, 2001, the exact date being
unknown, to on or about the date of this Superseding Indictment,
in the Middle District of Pennsylvania, and elsewhere, the
defendant,

MARK A. CIAVARELLA, JR.

and Michael T. Conahan, together with other persons known and
unknown to the grand jury, being persons employed by and
associated with an Enterprise, which Enterprise engaged in, and
the activities of which affected, interstate and foreign
commerce, did knowingly and intentionally combine, conspire,
confederate and agree to violate 18 U.S.C. § 1962(c), that is, to
conduct and participate, directly and indirectly, in the conduct
of the affairs of the Enterprise through a pattern of
racketeering activity, that is, through the commission of the
racketeering acts specified in Count 1 of this Superseding
Indictment, among others.

68.    As part of the conspiracy, the defendant MARK A.
CIAVARELLA, JR. and Michael T. Conahan did agree that they and

29

their coconspirators would commit at least two acts of
racketeering activity which amounted to a pattern of racketeering
activity in the conduct of the affairs of the Enterprise.

All in violation of Title 18, United States Code, § 1962(d).

<u>Counts 3-6</u>

18 U.S.C. §§ 1343, 1346 and 2)
(Honest Services Wire Fraud)

THE GRAND JURY FURTHER CHARGES:

69.   The allegations contained in Counts 1 and 2 of this
Superseding Indictment are hereby re-alleged and incorporated by
reference as if fully set forth herein.

70.   From in or about June, 2000, the exact date being
unknown to the grand jury, to on or about the date of the filing
of this Superseding Indictment, in the Middle District of
Pennsylvania, and elsewhere, the defendant,

MARK A. CIAVARELLA, JR.

and Michael T. Conahan, each aiding and abetting the other and
each aided and abetted by the other and by other persons known
and unknown, devised and intended to devise a material scheme and
artifice to defraud the citizens of Luzerne County, the citizens
of the Commonwealth of Pennsylvania and the Judiciary of the
Commonwealth of Pennsylvania and to deprive those citizens and
the judiciary of their right to the honest and faithful services
of MARK A. CIAVARELLA, JR. and Michael T. Conahan as judges of
the Court of Common Pleas for Luzerne County, through bribery,
kickbacks, and the concealment of material information.

<u>PURPOSE OF THE SCHEME</u>

71.   The purpose of the scheme and artifice was for the
defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan to

secretly use their official position as judges to enrich themselves by soliciting and accepting gifts, payments, and other things of value from persons and entities conducting business with the Court of Common Pleas for Luzerne County in exchange for favorable official action, and for the persons and entities to enrich themselves by secretly obtaining favorable action for themselves through corrupt means.

## THE RIGHT TO HONEST SERVICES

72. At all times material to this Superseding Indictment, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan were elected judges of the Court of Common Pleas for Luzerne County, Pennsylvania and as such were public officials. The defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan owed a fiduciary duty to the public and to the Judiciary of the Commonwealth of Pennsylvania: to refrain from realizing personal financial gain through their office other than compensation provided by law; to refrain from conduct that constitutes bribery and kickbacks; to refrain from seeking or accepting improper influence; to recuse themselves from matters in which they have a financial or other material interest; and to file a truthful and complete annual statement of financial interests, reporting the sources of all income, direct or indirect.

73. Part of the fiduciary duty owed by the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan arose from

constitutional law, including, Article 5, §§ 17(b) and 17(c) of the Pennsylvania Constitution.

74.   Part of the fiduciary duty owed by the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, independent of constitutional or statutory law, arose from their positions as judges of the Court of Common Pleas, including requirements of the Pennsylvania Code of Judicial Conduct and Administrative Orders of the Pennsylvania Supreme Court regarding matters related to Judges of the Court of Common Pleas.   Among other things, the fiduciary duty owed by the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan included the duty arising from their positions as judges to disclose material information affecting their ability to engage in impartial decision-making.

MANNER, MEANS AND METHODS

75.   It was a part of the scheme and artifice to defraud that the defendant agreed together with Michael Conahan, and with others known and unknown to the Grand Jury, to engage in the course of conduct alleged in the "MANNER, MEANS AND METHODS OF THE DEFENDANTS" section of Count 1 of this Superseding Indictment.   Those allegations are hereby re-alleged and incorporated by reference as if fully set forth herein.   As further described herein, the defendant defrauded the citizens of Luzerne County, the citizens of the Commonwealth of Pennsylvania and the Judiciary of the Commonwealth of Pennsylvania and

33

deprived those citizens and the Judiciary of their right to the honest services of the defendant by: (1) engaging in undisclosed biased decision-making for personal gain; and, (2) knowingly soliciting, extorting and accepting bribes and kickbacks as part of a generalized agreement to improperly exert influence on behalf of the bribe and kickback payers as specific opportunities arose to do so.

76.   It was further a part of the scheme and artifice to defraud that, during public statements and appearances, Michael T. Conahan and defendant MARK A. CIAVARELLA, JR. used their office and authority as judges to advocate the cessation of operations at a county-run juvenile detention facility thereby advancing the interests of PARTICIPANT #1, PARTICIPANT #2, PA Child Care and Western PA Child Care.

77.   It was further a part of the scheme and artifice to defraud that the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan took steps to hide, conceal, and cover up their activity and the nature of their dealings with PARTICIPANT #1, PARTICIPANT #2, PA Child Care and Western PA Child Care.  For example, they knowingly and intentionally filed materially false annual statements of financial interests with the Administrative Office of the Pennsylvania Courts in which they failed to disclose the source of income they had received from bribes and kickbacks and in which they failed to disclose their financial relationship

34

with PARTICIPANT #1, PARTICIPANT #2, PA Child Care and Western PA Child Care, which were material matters.

78.  It was further a part of the scheme and artifice to defraud that the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, acting on behalf of the Court of Common Pleas for Luzerne County in matters in which they had discretionary decision-making authority, knowingly and intentionally issued written, oral and wire communications which were materially false to the extent that they did not disclose their conflict of interest and their financial relationship with PARTICIPANT #1, PARTICIPANT #2, PA Child Care and Western PA Child Care, which were material matters.

79.  It was further a part of the scheme and artifice to defraud that the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, acting on behalf of the Court of Common Pleas for Luzerne County in matters in which they had discretionary decision-making authority, knowingly and intentionally issued reports and statements to the Administrative Office of the Pennsylvania Courts which were materially false to the extent that they did not disclose their conflict of interest and their financial relationship with PARTICIPANT #1 PARTICIPANT #2, PA Child Care and Western PA Child Care, which were material matters.

80.  It was further a part of the scheme and artifice to

defraud that Michael T. Conahan entered into agreements guaranteeing placement of juvenile offenders with PA Child Care and Western PA Child Care and took official action to remove funding from the Luzerne County Court budget for the Luzerne County juvenile detention facility.   The defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, through their actions, facilitated the construction of juvenile detention facilities and an expansion to one of those facilities by PA Child Care and Western PA Child Care and directed that juvenile offenders be lodged at juvenile detention facilities operated by PA Child Care and Western PA Child Care.   Through their actions, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan assisted Pa Child Care and Western PA Child Care to secure agreements with Luzerne County worth tens of millions of dollars for the placement of juvenile offenders, including an agreement in late 2004 worth approximately $58,000,000.

36

In his capacity as President Judge, Michael T. Conahan took actions relating to proceedings involving juvenile offenders who were sent to PA Child Care and Western PA Child Care facilities.  The foregoing actions, as well as other actions, of the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan related to matters in which they had discretionary decision-making authority.  The defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan took these actions, and other actions, without recusing themselves from matters in which they had a conflict of interest and without disclosing to parties involved in court proceedings, and to the Administrative Office of the Pennsylvania Courts, their conflict of interest and the financial relationship that existed between them and PARTICIPANT #1, PARTICIPANT #2, PA Child Care and Western PA Child Care, which were material matters.

81.   It was further a part of the scheme and artifice to defraud that the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan violated their duties of independence, impartiality and integrity in the exercise of their discretionary actions on behalf of the Court of Common Pleas for Luzerne County by failing to recuse themselves from acting in matters in which they had a material conflict of interest and in failing to disclose to parties appearing before the court and to the Administrative

37

Office of the Pennsylvania Courts their conflict of interest and
their financial relationship with PARTICIPANT #1, PARTICIPANT #2,
PA Child Care and Western PA Child Care, which were material
matters.

83.   It was further a part of the scheme and artifice to
defraud that the defendant MARK A. CIAVARELLA, JR. and Michael T.

Conahan otherwise conducted the affairs of the Court of Common Pleas, in matters in which they had discretionary decision-making authority, without disclosing their conflict of interest and financial relationship with PARTICIPANT #1, PARTICIPANT #2, PA Child Care and Western PA Child Care, knowing that these were material matters that should have been disclosed to parties appearing before the court, to the Administrative Office of Courts and to other persons and entities.

84.    It was further a part of the scheme and artifice to defraud that the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan knowingly solicited, extorted and accepted bribes and kickbacks as part of a generalized agreement to improperly exert influence on behalf of PARTICIPANT #1, PA Child Care and Western PA Child Care as specific opportunities arose to do so.  For instance, as part of the scheme and artifice to defraud, Michael T. Conahan summarily granted a motion to seal the record and for injunctive relief in a civil case related to PA Child Care.

The effect of the aforementioned actions, among other actions, of defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan was favorable and beneficial to PARTICIPANT #1, PARTICIPANT #2, PA Child Care and Western PA Child Care since the actions led to the closure of the Luzerne County youth detention center which thereby created a need for the construction and operation of juvenile detention facilities by PA Child Care and

39

Western PA Child; resulted in the placement of juveniles in facilities operated by PA Child Care and Western PA Child Care; and otherwise promoted the interests of PARTICIPANT #1, PARTICIPANT #2, PA Child Care and Western PA Child Care.

## EXECUTION OF THE SCHEME

85. On or about the date of each count listed below, in the Middle District of Pennsylvania and elsewhere, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, each aiding and abetting the other and each aided and abetted by the other and by other persons known and unknown, for the purpose of executing the above-described material scheme and artifice to defraud and deprive the citizens of Luzerne County, the citizens of the Commonwealth of Pennsylvania and the Judiciary of the Commonwealth of Pennsylvania of their right to the honest services of the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan, transmitted and caused to be transmitted by means of wire communication in interstate commerce, the following writings, signals and sounds:

| Count | Date | Wire Transmission |
|-------|------|-------------------|
| 3 | July 12, 2004 | Electronic funds transfer of $120,000 transferred from an account of Vision Holdings, Inc. to an account of the Pinnacle Group of Jupiter, LLC. |

40

| Count | Date | Wire Transmission |
|-------|------|-------------------|
| 4 | September 23, 2004 | Electronic funds transfer of $100,000 transferred from an account of Vision Holdings, Inc. |
| 5 | July 15, 2005 | Electronic funds transfer of $1,000,000 transferred from an account of Mericle Construction, Inc. to an account of Pinnacle Group of Jupiter, LLC. |
| 6 | February 3, 2006 | Electronic funds transfer of $150,000 transferred from an account of Mericle Construction, Inc. to an account of Pinnacle Group of Jupiter, LLC. |

In violation of Title 18, United States Code, §§ 2, 1343 and 1346.

<u>Counts 7-10</u>

18 U.S.C. §§ 1341, 1346 and 2)
(Honest Services Mail Fraud)

THE GRAND JURY FURTHER CHARGES:

86.  The allegations contained in Counts 1 through 6 of this
Indictment are hereby re-alleged and incorporated by reference as
if fully set forth herein.

87.  From in or about January, 2001, the exact date being
unknown to the grand jury, to on or about the date of the filing
of this Indictment, in the Middle District of Pennsylvania, and
elsewhere, the defendant,

MARK A. CIAVARELLA, JR.,

devised and intended to devise a material scheme and artifice to
defraud the citizens of Luzerne County, the citizens of the
Commonwealth of Pennsylvania and the Judiciary of the
Commonwealth of Pennsylvania and to deprive those citizens and
the Judiciary of their right to the honest and faithful services
of MARK A. CIAVARELLA, JR. as a judge of the Court of Common
Pleas for Luzerne County through bribery, kickbacks, and the
concealment of material information.

<u>EXECUTION OF THE SCHEME</u>

88.  On or about the date of each count listed below, in the
Middle District of Pennsylvania and elsewhere, the defendant MARK
A. CIAVARELLA, JR., for the purpose of executing the above-
described material scheme and artifice to defraud and deprive the

42

citizens of Luzerne County, the citizens of the Commonwealth of Pennsylvania and the Judiciary of the Commonwealth of Pennsylvania of their right to the honest services of the defendant MARK A. CIAVARELLA, JR., caused to be delivered by the United States Postal Service and by any private and commercial interstate carrier to the Administrative Office of the Pennsylvania Courts in Philadelphia County, Eastern District of Pennsylvania, and thereafter caused to be delivered by the United States Postal Service and by any private and commercial interstate carrier to the Judicial Conduct Board of Pennsylvania in Harrisburg, Middle District of Pennsylvania, the following things:

| Count | Date | Description of Thing |
|-------|------|----------------------|
| 7 | April, 2004 | Materially false annual statement of financial interests submitted to the Administrative Office of the Pennsylvania Courts |
| 8 | March, 2005 | Materially false annual statement of financial interests submitted to the Administrative Office of the Pennsylvania Courts |
| 9 | April, 2006 | Materially false annual statement of financial interests submitted to the Administrative Office of the Pennsylvania Courts |

| Count | Date | Description of Mailing |
|-------|------|----------------------|
| 10 | March, 2007 | Materially false annual statement of financial interests submitted to the Administrative Office of the Pennsylvania Courts |

In violation of Title 18, United States Code, §§ 2, 1341 and 1346.

44

<u>Counts 11-20</u>

18 U.S.C. § 666(a)(1)(B)
(Corrupt Receipt of Bribe/Reward for Official Action
Concerning Programs Receiving Federal Funds)

THE GRAND JURY FURTHER CHARGES:

89.  The allegations contained in Counts 1 through 10 of
this Superseding Indictment are hereby re-alleged and
incorporated by reference as if fully set forth herein.

90.  As elected judges of the Court of Common Pleas for
Luzerne County the defendant MARK A. CIAVARELLA, JR. and Michael
T. Conahan were agents of a number of government entities,
including, but not limited to, the State of Pennsylvania, Luzerne
County, the Luzerne County Court of Common Pleas and the
Administrative Office of the Pennsylvania Courts, a government
agency of the Commonwealth of Pennsylvania that employed the
defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan as
judges.

91.  The Commonwealth of Pennsylvania, Luzerne County and
the Court of Common Pleas for Luzerne County each received
federal assistance in excess of $10,000 during each one-year
period beginning on January 1, 2002 and extending through
December 31, 2007.

92.  Between on or about January 1, 2002 and on or about
January 1, 2007, in the Middle District of Pennsylvania, and

11
To
2 C

45

elsewhere, the defendant,

MARK A. CIAVARELLA, JR.

and Michael T. Conahan, each aiding and abetting the other and each aided and abetted by the other and by other persons known and unknown, did knowingly, intentionally and corruptly solicit and demand for their own benefit, and did accept, and agree to accept, from another person, multiple monetary payments in amounts of more than $5,000, intending to be influenced and rewarded in connection with the business of the government entities they represented as judges of the Court of Common Pleas for Luzerne County. In particular, payments were made to and accepted by the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan in connection with official actions taken and intended to taken by the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan to facilitate the planning, construction and operation of juvenile detention facilities owned, constructed and operated by PA Child Care and Western PA Child Care.

Each of the following monetary payments, which occurred on or about the dates indicated, constitutes a separate count of this Superseding Indictment:

| Count | Date | Payment From | Amount and Type of Payment |
|---|---|---|---|
| 11 | 2-15-2004-<br>2-24-2004 | Vision Holdings, Inc. | $200,000 (total of three checks) |
| 12 | 4-30-2004 | Vision Holdings, Inc. | $100,000 (total of two checks) |

46

| Count | Date | Payment From | Amount and Type of Payment |
|-------|------|--------------|----------------------------|
| 13 | 7-12-2004 | Vision Holdings, Inc. | $120,000 Wire Transfer |
| 14 | 9-23-2004 | Vision Holdings, Inc. | $100,000 Wire Transfer |
| 15 | 7-15-2005 | Mericle Construction, Inc. | $1,000,000 Wire Transfer |
| 16 | 2-3-2006 | Mericle Construction, Inc. | $150,000 Wire Transfer |
| 17 | 8-16-06 | Robert Powell | $42,000 Cash |
| 18 | 11-1-06 | Robert Powell | $20,000 Cash |
| 19 | 11-20-06 | Robert Powell | $50,000 Cash |
| 20 | 12-18-06 | Robert Powell | $31,500 Cash |

In violation of Title 18, United States Code, §§ 2 and 666(a)(1)(B).

47



<u>Count 21</u>

18 U.S.C. § 1956(h)
(Money Laundering Conspiracy)

THE GRAND JURY FURTHER CHARGES:

93.    The allegations contained in Counts 1 through 20 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

94.    From on or about January 1, 2001, and continuing up to on or about the date of this Superseding Indictment, in the Middle District of Pennsylvania and elsewhere, the defendant,

MARK A. CIAVARELLA, JR.

and Michael T. Conahan, together with others known and unknown to the Grand Jury, did knowingly, intentionally and wilfully combine, conspire, confederate and agree with one another and with other persons known and unknown to the grand jury to commit certain offenses against the United States as follows:

  a.    Knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, to knowingly conduct and attempt to conduct a financial transaction which in fact involved the proceeds of the specified unlawful activity knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of a specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and,

  b.    To knowingly engage and attempt to engage in one or more monetary transaction(s) in criminally derived property that was of a value greater than $10,000 and which was derived from specified unlawful activity, namely, wire fraud and extortion, in violation of 18 U.S.C. 1957.

48

In violation of Title 18, United States Code, § 1956(h).

<u>Count 22</u>

18 U.S.C. §  1956(a)(1)(B)(i)
(Money Laundering)

THE GRAND JURY FURTHER CHARGES:

95.  The Grand Jury hereby incorporates by reference, as
though fully set forth herein, each of the allegations contained
in Counts 1 through 21 of this Superseding Indictment.

96.  On or about January 20, 2004, in the Middle District of
Pennsylvania, and elsewhere, the defendant,

MARK A. CIAVARELLA, JR.

and Michael T. Conahan, each aiding and abetting the other and
each aided and abetted by the other and by other persons known
and unknown, did knowingly and intentionally conduct, attempt to
conduct and did cause to be conducted a financial transaction
affecting interstate commerce, namely, the depositing of the
following two checks:

    a.    Check number 101 in the amount of $18,000,
identified on the face of the check as "Rent
Prepay," and

    b.    Check number 1002 in the amount of $52,000, identified
on the face of the check as "Rent/Marine Prepay,"

issued to the Pinnacle Group of Jupiter, LLC, which involved the
proceeds of a specified unlawful activity, that is, bribery
concerning programs receiving federal funds, in violation of 18
U.S.C. § 666, and extortion under color of official right, in
violation of 18 U.S.C. § 1951, knowing that the transactions were

designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions, that is, funds in the amount of $70,000, represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, §§ 1956(a)(1)(B)(i) and 2.

Count 23

18 U.S.C. § 1956(a)(1)(B)(i)
(Money Laundering)

THE GRAND JURY FURTHER CHARGES:

97.    The Grand Jury hereby incorporates by reference, as
though fully set forth herein, each of the allegations contained
in Counts 1 through 22 of this Superseding Indictment.

98.    On or about February 24, 2004, in the Middle District
of Pennsylvania and elsewhere, the defendant,

MARK A. CIAVARELLA, JR.

and Michael T. Conahan, each aiding and abetting the other and
each aided and abetted by the other and by other persons known
and unknown, did knowingly conduct, attempt to conduct and did
cause to be conducted a financial transaction affecting
interstate commerce, namely, the depositing of the following
three checks:

1.    Check number 161 in the amount of $78,000,
identified on the face of the check as "Reserving
Lease,"

2.    Check number 162 in the amount of $75,000, identified
on the face of the check as "Rental Feb-Mar April," and

3.    Check number 163 in the amount of $47,000,
identified on the face of the check as "Slip
Rental/Fees Jan-Feb-March & April,"

issued to the Pinnacle Group of Jupiter, LLC which involved the
proceeds of a specified unlawful activity, that is, bribery
concerning programs receiving federal funds, in violation of 18

52

U.S.C. § 666, and extortion under color of official right, in violation of 18 U.S.C. § 1951, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conduction and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is funds in the amount of $200,000 represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, §§ 1956(a)(1)(B)(i) and 2.

Count 24

18 U.S.C. § 1956(a)(1)(B)(i)
(Money Laundering)

THE GRAND JURY FURTHER CHARGES:

99.  The Grand Jury hereby incorporates by reference, as
though fully set forth herein, each of the allegations contained
in Counts 1 through 23 of this Superseding Indictment.

100.  On or about May 3, 2004, in the Middle District of
Pennsylvania and elsewhere, the defendant,

MARK A. CIAVARELLA, JR.

and Michael T. Conahan, each aiding and abetting the other and
each aided and abetted by the other and by other persons known
and unknown, did knowingly conduct, attempt to conduct and did
cause to be conducted a financial transaction affecting
interstate commerce, namely, the depositing of the following two
checks:

1.  Check number 176 in the amount of $75,000,
    identified on the face of the check as "Lease
    Expenses April May June," and

2.  Check number 177 in the amount of $25,000,
    identified on the face of the check as "Dock
    Expenses Related April May June,"

issued to the Pinnacle Group of Jupiter, LLC, which involved the
proceeds of a specified unlawful activity, that is, bribery
concerning programs receiving federal funds, in violation of 18
U.S.C. § 666, and extortion in violation of 18 U.S.C. §1951,

54

knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds in the amount of $100,000, represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, §§ 1956(a)(1)(B)(i) and 2.

## Count 25

18 U.S.C. § 1956(a)(1)(B)(i)
(Money Laundering)

THE GRAND JURY FURTHER CHARGES:

101.   The Grand Jury hereby incorporates by reference, as
though fully set forth herein, each of the allegations contained
in Counts 1 through 24 of this Superseding Indictment.

102.   On or about July 12, 2004, in the Middle District of
Pennsylvania and elsewhere, the defendant,

MARK A. CIAVARELLA, JR.

and Michael T. Conahan, each aiding and abetting the other and
each aided and abetted by the other and by other persons known
and unknown, did knowingly conduct, attempt to conduct and did
cause to be conducted a financial transaction affecting
interstate commerce, namely, a wire transfer in the amount of
$120,000 from an account of Vision Holdings, Inc., to an account
of the Pinnacle Group of Jupiter, LLC, which involved the
proceeds of a specified unlawful activity, that is, honest
services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346,
bribery concerning programs receiving federal funds, in violation
of 18 U.S.C. § 666, extortion under color of official right, in
violation of 18 U.S.C. §1951, and bribery, in violation of 18
Pa.C.S. § 4701(a)(3), knowing that the transaction was designed
in whole and in part to conceal and disguise the nature,
location, source, ownership and control of the proceeds of said

56

specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds in the amount of $120,000, represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, §§ 1956(a)(1)(B)(i) and 2.

<u>Count 26</u>

18 U.S.C. §  1956(a)(1)(B)(i)
(Money Laundering)

THE GRAND JURY FURTHER CHARGES:

103.   The Grand Jury hereby incorporates by reference, as
though fully set forth herein, each of the allegations contained
in Counts 1 through 25 of this Superseding Indictment.

104.   On or about September 23, 2004, in the Middle District
of Pennsylvania and elsewhere, the defendant,

MARK A. CIAVARELLA, JR.

and Michael T. Conahan, each aiding and abetting the other and
each aided and abetted by the other and by other persons known
and unknown, did knowingly conduct, attempt to conduct and did
cause to be conducted a financial transaction affecting
interstate commerce, namely, a wire transfer in the amount of
$100,000 sent from an account of Vision Holdings, Inc. to an
account of the Pinnacle Group of Jupiter LLC, which involved the
proceeds of a specified unlawful activity, that is, honest
services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346,
bribery concerning programs receiving federal funds, in violation
of 18 U.S.C. § 666, extortion under color of official right, in
violation of 18 U.S.C. §1951, and bribery, in violation of 18
Pa.C.S. § 4701(a)(3), knowing that the transaction was designed
in whole and in part to conceal and disguise the nature,
location, source, ownership and control of the proceeds of said

58

specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds in the amount of $100,000, represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, §§ 1956(a)(1)(B)(i) and 2.

## Counts 27-34

18 U.S.C. § 1951
(Extortion Under Color of Official Right)

THE GRAND JURY FURTHER CHARGES:

105.    The Grand Jury hereby incorporates by reference, as though fully set forth herein, each of the allegations contained in Counts 1 through 26 of this Superseding Indictment.

106.    On multiple occasions between on or about January 1, 2002, and on or about January 1, 2007, in the Middle District of Pennsylvania, and elsewhere, the defendant,

### MARK A. CIAVARELLA, JR.

and Michael T. Conahan, each aiding and abetting the other and each aided and abetted by the other and by other persons known and unknown, did knowingly, intentionally and willfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce and the movement of any article and commodity in commerce by extortion, as those terms are defined by 18 U.S.C. §§ 1951(b)(2) and 1951(b)(3), that is: soliciting, demanding, and accepting property, that is, payments in cash, check and wire transfer from PARTICIPANT #1, with his consent, induced by wrongful use of fear and under color of official right.

Each of the following payments, which occurred on or about

27
ro
34

60

the dates indicated, constitutes a separate count of this
Superseding Indictment:

| Count | Date | Payment From | Amount and Type of Payment |
|-------|------|--------------|----------------------------|
| 27 | 2-15-2004–2-24-2004 | Vision Holdings, Inc. | $200,000 (total of three checks) |
| 28 | 4-30-2004 | Vision Holdings, Inc. | $100,000 (total of two checks) |
| 29 | 7-12-2004 | Vision Holdings, Inc. | $120,000 Wire Transfer |
| 30 | 9-23-2004 | Vision Holdings, Inc. | $100,000 Wire Transfer |
| 31 | 8-16-06 | Robert Powell | $42,000 Cash |
| 32 | 11-1-06 | Robert Powell | $20,000 Cash |
| 33 | 11-20-06 | Robert Powell | $50,000 Cash |
| 34 | 12-18-06 | Robert Powell | $31,500 Cash |

In violation of Title 18, United States Code, §§ 1951 and 2.

Count 35

18 U.S.C. § 371
(Conspiracy to Defraud the United States)

THE GRAND JURY FURTHER CHARGES:

107.  The Grand Jury hereby incorporates by reference, as though fully set forth herein, each of the allegations contained in Counts 1 through 34 of this Superseding Indictment.

108.  Between on or about January 1, 2002, and on or about May 21, 2007, in the Middle District of Pennsylvania, and elsewhere, the defendant,

MARK A. CIAVARELLA, JR.

and Michael T. Conahan, did knowingly, intentionally and willfully combine, conspire, confederate, and agree together with one another, and together with other persons known and unknown to the Grand Jury, to defraud the United States by impeding, impairing, obstructing and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment and collection of the revenue, namely, income taxes.

OVERT ACTS

109.  In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Pennsylvania and elsewhere:

1.  On or about January 21, 2003, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan caused PARTICIPANT #2 to wire transfer $610,000 to the bank account of an attorney;

2.  On or about January 28, 2003, the defendant MARK A.

CIAVARELLA, JR. and Michael T. Conahan caused an attorney in Schuylkill County, Pennsylvania to wire transfer $610,000 to an account of Beverage Marketing of Pennsylvania, Inc.;

3.  On or about January 28, 2003, Michael T. Conahan caused $330,000 to be wire transferred from a bank account of Beverage Marketing of Pennsylvania, Inc. to a bank account under the control of the defendant MARK A. CIAVARELLA, JR.;

4.  On or about April 30, 2003, Michael T. Conahan caused $75,000 to be wire transferred from a bank account of Beverage Marketing of Pennsylvania, Inc. to a bank account under the control of the defendant MARK A. CIAVARELLA, JR.;

5.  On or about July 15, 2003, Michael T. Conahan caused $75,000 to be wire transferred from a bank account of Beverage Marketing of Pennsylvania, Inc. to a bank account under the control of the defendant MARK A. CIAVARELLA, JR.;

6. On or about August 13, 2003, Michael T. Conahan directed that $25,000 be wire transferred to a bank account under the control of a third party;

7.  On or about August 20, 2003, Michael T. Conahan directed that $105,000 be transferred to a bank account under the control of Michael T. Conahan;

8.  On or about August 29, 2003, Michael T. Conahan caused a check in the amount of $326,000 to be deposited into a bank account maintained in the name of the wife of Michael T. Conahan;

9.  On or about January 20, 2004, the defendant MARK A. CIAVARELLA, JR.  and Michael T. Conahan caused $18,000 to be

deposited in a bank account of the Pinnacle Group of Jupiter, LLC and falsely characterized the deposit in the records of the Pinnacle Group of Jupiter, LLC as "Rent Prepay";

10.   On or about January 20, 2004, the defendant MARK A. CIAVARELLA, JR.  and Michael T. Conahan caused $52,000.00 to be deposited in a bank account of the Pinnacle Group of Jupiter, LLC and falsely characterized the deposit in the records of the Pinnacle Group of Jupiter, LLC as "Rent Marine Prepay";

11.   On or about February 24, 2004, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan caused $47,000 to be deposited into a bank account of the Pinnacle Group of Jupiter, LLC and falsely characterized the deposit in the records of the Pinnacle Group of Jupiter, LLC "Slip Rental Fees";

12.   On or about February 24, 2004, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan caused $78,000 to be deposited into a bank account of the Pinnacle Group of Jupiter, LLC and falsely characterized the deposit in the records of the Pinnacle Group of Jupiter, LLC as "Reserving lease";

13.   On or about February 24, 2004, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan caused $75,000 to be deposited into a bank account of the Pinnacle Group of Jupiter, LLC and falsely characterized the deposit in the records of the Pinnacle Group of Jupiter, LLC as "Rental Feb, Mar, Apr";

14.   On or about May 3, 2004, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan caused $75,000 to be deposited into a bank account of the Pinnacle Group of Jupiter,

LLC and falsely characterized the deposit in the records of the Pinnacle Group of Jupiter, LLC as "Lease Expenses April May June";

15. On or about May 3, 2004, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan caused $25,000 to be deposited into a bank account of the Pinnacle Group of Jupiter, LLC and falsely characterized the deposit in the records of the Pinnacle Group, LLC as "Dock Expenses Related April May June";

16. On or about July 12, 2004, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan caused $120,000 to be wire transferred to a bank account of the Pinnacle Group of Jupiter, LLC;

17. On or about September 23, 2004, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan caused $100,000 to be wire transferred to a bank account of the Pinnacle Group of Jupiter, LLC;

18. On or about July 15, 2005, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan caused $1,000,000 to be wire transferred to a bank account of the Pinnacle Group of Jupiter, LLC;

19. On or about February 3, 2006, the defendant MARK A. CIAVARELLA, JR. and Michael T. Conahan caused $150,000 to be wire transferred to a bank account of the Pinnacle Group of Jupiter, LLC;

20. On or about August 16, 2006, Michael T. Conahan accepted a cash payment of $42,000;

21.  On or about November 1, 2006, Michael T. Conahan accepted a cash payment of $20,000;

22.  On or about November 20, 2006, Michael T. Conahan accepted a cash payment of $50,000;

23.  On or about December 18, 2006, Michael T. Conahan accepted a cash payment of $31,500;

24.  As further overt acts, the Grand Jury hereby incorporates by reference, as though fully set forth herein, each of the preceding and succeeding counts of this Superseding Indictment.  Each count constitutes a separate overt act in furtherance of the conspiracy.

In violation of Title 18, United States Code, §371.

<u>Count 36</u>

26 U.S.C. § 7206(1)
(Subscribing and Filing a Materially False Tax Return)

THE GRAND JURY FURTHER CHARGES:

110.   The Grand Jury hereby incorporates by reference, as though fully set forth herein, each of the allegations contained in Counts 1 through 35 of this Superseding Indictment.

111.   On or about April 15, 2004, in the Middle District of Pennsylvania and elsewhere, the defendant,

MARK A. CIAVARELLA, JR.,

a resident of Mountaintop, Luzerne County, Pennsylvania, did willfully make and subscribe, and did cause to be made and subscribed, an IRS Form 1040, which was verified by a written declaration that it was made under the penalties of perjury, and which he did not believe to be true and correct as to every material matter.  That IRS Form 1040, which was prepared and signed in the Middle District of Pennsylvania and was filed with the Internal Revenue Service, reported the defendant's taxable income for the year 2003 to be $56,025.00, whereas, as he then and there knew and believed, the defendant's actual taxable income for the year 2003 was materially more than that amount.

In violation of Title 26, United States Code, § 7206(1).

<u>Count 37</u>

26 U.S.C. § 7206(1)
(Subscribing and Filing a Materially False Tax Return)

THE GRAND JURY FURTHER CHARGES:

112.    The Grand Jury hereby incorporates by reference, as though fully set forth herein, each of the allegations contained in Counts 1 through 36 of this Superseding Indictment.

113.    On or about April 15, 2005, in the Middle District of Pennsylvania and elsewhere, the defendant,

MARK A. CIAVARELLA, JR.,

a resident of Mountaintop, Luzerne County, Pennsylvania, did willfully make and subscribe, and did cause to be made and subscribed, an IRS Form 1040, which was verified by a written declaration that it was made under the penalties of perjury, and which he did not believe to be true and correct as to every material matter.  That IRS Form 1040, which was prepared and signed in the Middle District of Pennsylvania and was filed with the Internal Revenue Service, reported the defendant's taxable income for the year 2004 to be $319,496.00, whereas, as he then and there knew and believed, the defendant's actual taxable income for the year 2004 was materially more than that amount.

In violation of Title 26, United States Code, § 7206(1).

68

## Count 38

### 26 U.S.C. § 7206(1)
(Subscribing and Filing a Materially False Tax Return)

THE GRAND JURY FURTHER CHARGES:

114.   The Grand Jury hereby incorporates by reference, as though fully set forth herein, each of the allegations contained in Counts 1 through 37 of this Superseding Indictment.

115.   On or about April 15, 2006, in the Middle District of Pennsylvania and elsewhere, the defendant,

MARK A. CIAVARELLA, JR.,

a resident of Mountaintop, Luzerne County, Pennsylvania, did willfully make and subscribe, and did cause to be made and subscribed, an IRS Form 1040, which was verified by a written declaration that it was made under the penalties of perjury, and which he did not believe to be true and correct as to every material matter.   That IRS Form 1040, which was prepared and signed in the Middle District of Pennsylvania and was filed with the Internal Revenue Service, reported the defendant's taxable income for the year 2005 to be $496,639.00, whereas, as he then and there knew and believed, the defendant's actual taxable income for the year 2005 was materially more than that amount.

In violation of Title 26, United States Code, § 7206(1).



Count 39

26 U.S.C. § 7206(1)
(Subscribing and Filing a Materially False Tax Return)

THE GRAND JURY FURTHER CHARGES:

116.   The Grand Jury hereby incorporates by reference, as though fully set forth herein, each of the allegations contained in Counts 1 through 38 of this Superseding Indictment.

117.   On or about April 15, 2007, in the Middle District of Pennsylvania and elsewhere, the defendant,

MARK A. CIAVARELLA, JR.,

a resident of Mountaintop, Luzerne County, Pennsylvania, did willfully make and subscribe, and did cause to be made and subscribed, an IRS Form 1040, which was verified by a written declaration that it was made under the penalties of perjury, and which he did not believe to be true and correct as to every material matter.   That IRS Form 1040, which was prepared and signed in the Middle District of Pennsylvania and was filed with the Internal Revenue Service, reported the defendant's taxable income for the year 2006 to be $72,171.00, whereas, as he then and there knew and believed, the defendant's actual taxable income for the year 2006 was materially more than that amount.

In violation of Title 26, United States Code, § 7206(1).